THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JORGE DESSUS-MEDINA,** *et. al.*

    **Plaintiffs,**

    v.

**HOTEL WYNDHAM SAN JOSÉ HERRADURA – COSTA RICA,** *et al.*,

    **Defendants.**

**Civil No. 19-1492 (ADC)**

**OPINION AND ORDER**

Before the Court is defendant Hotel Wyndham San José Herradura - Costa Rica's ("Herradura") motion for summary judgment. **ECF No. 19**. Plaintiffs Jorge Dessus-Medina, Jorge A. Dessus-Cascante and María T. Cascante-Vargas ("Cascante") (together, "plaintiffs") moved twice to strike Herradura's motion for summary judgment but have not otherwise responded. **ECF Nos. 20 and 31.** Notwithstanding, Herradura's motion for summary judgment is **GRANTED** and plaintiffs' motions to strike are **DENIED** for the reasons detailed below.

**I. The Motions to Strike and the Failure to Oppose**

Plaintiffs filed two motions to strike Herradura's motion for summary judgment. **ECF Nos. 20 and 31.** Therein, plaintiffs complain, in a nutshell, that Herradura's motion for summary judgment should be stricken because it is too early in proceedings for such a motion, and that moving for summary judgment at this stage violates this Court's case management order.[1] *Id.*

---

[1] A litany of discovery grievances included in plaintiffs' motions to strike need not be addressed here.

The Court's case management order states: "Pursuant to parties' joint filing at ECF No. 15, the Court enters the following deadlines: Factual Discovery due by 5/30/2021. Dispositive Motions due by 8/31/2021." **ECF No. 16.** A quick reading of that order is sufficient to understand that dispositive motions, including motions for summary judgment, could only be filed *before* August 31, 2021 – not that filing such motions was prohibited before that date, or near it.

Rule 56 of the Federal Rules of Civil Procedure announces, to boot, that "unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Besides, a motion to strike is generally not the proper vehicle to challenge a motion for summary judgment. *Turner v. Hubbard Sys., Inc.*, 153 F. Supp. 3d 493, 496 (D. Mass. 2015).

Plaintiffs' motions to strike therefore lack a leg to stand on and are accordingly **DENIED.** Furthermore, because plaintiffs have not opposed the assertions in Herradura's motion for summary judgment or requested an extension of time to do so, and because a response in opposition is by now over seven months late,[2] Herradura's motion for summary judgment is **DEEMED AS UNOPPOSED**.

**II. The Motion for Summary Judgment**

Herradura's motion for summary judgment argues, *inter alia*, that the Court lacks *in personam* jurisdiction over Herradura. **ECF No. 19** at 5-6. Plaintiffs bear the burden of

---

[2] "Unless within fourteen (14) days after the service of a motion the opposing party files a written opposition to the motion, the opposing party shall be deemed to have waived any objection to the motion." L. Civ. R. 7 (b).

establishing personal jurisdiction over a defendant. *Ramírez-Fort v. Marshall*, 456 F. Supp. 3d 361, 367 (D.P.R. 2020).

In the case at bar, Cascante allegedly tripped while entering a bathtub while staying at Herradura, a hotel and resort located in Costa Rica. **ECF No. 1, Con. ECF No. 1**.[3] Plaintiffs filed suit against Herradura and co-defendant Wyndham Destinations, a Florida-based hotel and resort company, hoping to recover damages ostensibly suffered by them as a result of Cascante's trip and fall. *Id.*

*i. Applicable Law*

Jurisdiction is the power of the Court to declare the law. *Peterson v. United States*, 774 F. Supp. 2d 418, 421 (D.N.H. 2011). *See also Evans Cabinet Corp. v. Kitchen Intern., Inc.*, 593 F.3d 135, 138 (1st Cir. 2010) (enforcing a judgment requires personal jurisdiction over defendant). "When it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Peterson*, 774 F. Supp. 2d at 421 (*quoting Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

Plaintiffs assert that the narrow gates to this Court are open to them due to the existence of diversity jurisdiction. *See* 28 U.S.C. § 1332. Still, for the Court to adjudicate the case at hand, personal jurisdiction over Herradura must first be established. "The exercise of personal jurisdiction must be both authorized by state statute and permitted by the Constitution" –

---

[3] Civ. No. 19-1493 was consolidated with the above-captioned case. Docket entries in Civ. No. 19-1493 shall be referred to as "Con. ECF No. #."

specifically, by the Due Process Clause. *Ramírez-Fort*, 456 F. Supp. 3d at 367. *See also* U.S. Const. amend. XIV, § 2. "Puerto Rico's long-arm statute is coextensive with the reach of the Due Process Clause." *Carreras v. PMG Collins, LLC*, 660 F.3d 549, 552 (1st Cir. 2011).

"There are essentially two bases for exercising personal jurisdiction: general jurisdiction or specific jurisdiction." *Tom's of Maine v. Acme-Hardesty Co.*, 565 F. Supp. 2d 171, 174 (D. Me. 2008). General or specific jurisdiction may be exercised only if the defendant has "certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016) (cleaned up).

The "more stringent" test for general jurisdiction requires the Court to find that "the defendant has ... engaged in continuous and systematic activity in the forum" and therefore may be haled into court within the forum even if "the litigation is not directly founded on the defendant's forum-based contacts." *Harlow v. Children's Hosp.*, 432 F.3d 50, 64 (1st Cir.2005) (quotations omitted).

To establish specific jurisdiction, the following conditions must be satisfied:

First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must ... be reasonable.

*Copia Commc'ns, LLC*, 812 F.3d at 4 (*quoting Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 27 (1st Cir. 2008)).

   *ii. Analysis*

Plaintiffs posit only a single allegation that could have bearing on this Court's determination of its personal jurisdiction over Herradura. To that effect, they state: "The plaintiffs Jorge Dessus-Medina and Maria [sic] T. Cascante-Vargas decided to travel to the Republic of Costa Rica. While in Puerto Rico they saw the promotion of the Wyndham Hotel San José Herradura - Costa Rica, made the reservation and made the payment." **ECF No. 1; Con. ECF No. 1**. Plaintiff ergo put merely that allegation (of having seen a "promotion" for Herradura while in Puerto Rico) forward to plead that Herradura had minimum contacts with this forum.

This allegation is not enough to establish a prima facie showing, or even plausibly plead, that Herradura either "engaged in continuous and systematic activity in" Puerto Rico, *Harlow*, 432 F.3d at 64, or purposefully availed itself "of the privilege of conducting activities in" Puerto Rico. *Copia Commc'ns, LLC*, 812 F.3d at 4 (*quoting Phillips*, 530 F.3d at 27).[4]

Indeed, plaintiffs bear the burden of demonstrating that personal jurisdiction exists here. *Ramírez-Fort*, 456 F. Supp. 3d at 367. To do so, plaintiffs needed to proffer "evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." *Negrón-Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 23 (1st Cir. 2007) (*quoting Boit v. Gar–Tec Prods., Inc.*,

---

[4] To be sure, the chronology of plaintiffs' allegation seems to suggest that they had already decided to go to Costa Rica when they stumbled upon or actively sought out Herradura's "promotion." However, the Court need not make that assumption here.

967 F.2d 671, 675 (1st Cir.1992) ("The prima facie showing … must be based on evidence of specific facts set forth in the record.")). "The plaintiff must go beyond the pleadings and make affirmative proof." *Id.*

Here, where Herradura's motion challenging the existence of personal jurisdiction stands unopposed, plaintiffs have fallen well short of that standard. As such, the Court has no other recourse but to declare itself without jurisdiction and dismiss without prejudice all claims against Herradura.

### III. Dismissal of Claims Against Wyndham Destinations

The Court shall also, *sua sponte*, dismiss without prejudice all claims against co-defendant Wyndham Destinations. A careful reading of the complaints reveals that plaintiffs failed to include a single factual allegation against Wyndham Destinations. **ECF No. 1; Con. ECF No. 1** Indeed, plaintiffs plead merely that "Wyndham Destinations is an American hospitality company. It is the holding company for RCI[5] and other lodging brands … [and] operates several hotel brands around the world." But they do not plead that Wyndham Destination is the holding company for, or operates, Herradura in any way. After the one, aforesaid allegation, Wyndham Destinations is never again mentioned in plaintiffs' complaint. As such, plaintiffs fail to plausibly plead a claim against Wyndham Destinations. Dismissal without prejudice is therefore proper and hereby ordered.[6]

---

[5] The Court cannot assume, and nothing in the record suggests, that Herradura and RCI are the same entity.
[6] Claims against "John Doe" and "Richard Roe" are similarly improperly plead and have been seemingly abandoned by plaintiffs.

### IV. Conclusion

For the reasons stated above, plaintiffs' motions to strike (**ECF Nos. 20 and 31.**) are **DENIED**. Herradura's motion for summary judgment (**ECF No. 19.**) is **GRANTED**. All claims against Herradura are thus **DISMISSED WITHOUT PREJUDICE**. Finally, all claims against Wyndham Destinations, John Doe and Richard Roe are also **DISMISSED WITHOUT PREJUDICE**.

All other pending motions are consequently hereby deemed as **MOOT**.

The Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.

In San Juan, Puerto Rico, on this 30th day of September, 2021.

              **S/AIDA M. DELGADO-COLÓN**
              **United States District Judge**